## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT OWENSBORO
## CIVIL ACTION NO. 4:19CV-79-JHM

**FREIDA DARLENE JOHNSON**                                                                 **PLAINTIFF**

**v.**

**COMMONWEALTH OF KENTUCKY** *et al.*                                                   **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Freida Darlene Johnson filed this *pro se* action proceeding *in forma pauperis*. This matter is now before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the instant action will be dismissed.

### I.

Plaintiff[1] filed the complaint on a general civil complaint form on July 12, 2019. She names the following Defendants: the Commonwealth of Kentucky; Jay Wethington, a judge; Owensboro Police Department (OPD) officers David Thompson, Edward Krahwinkel, and Ed Champion; Jacinta S. Lanham; Steve Beshear; Tommy Thompson, identified by Plaintiff as a "government official"; Loren T. Yonts; and Mark Saffran.

In the original complaint, Plaintiff states, "OPD conceal the name Jacinta S. Lanham for 1 yr after we dont investigate the hit and run death of our 14 yr old son." She asserts, "Steve Beshear governor at the time signed Eric's law which meant he agreed that 7 months was all they could give the driver for a murder charge." In the "Relief" section of the complaint form,

---

[1] The original complaint lists as Plaintiffs Johnson and James Robert McHenry but was only signed by Johnson. The amended complaint lists Johnson as the only Plaintiff. Therefore, McHenry was terminated as a party to the action.

Plaintiff states, "Reopen my sons case #06-41845 pain and suffering 13 yrs. Jesse Allen Hastie and Amie Cox are free my son was murder by these (2) people in June 10th 2006 on black people's day in car registered to Jacinta S. Lanham they only give Jesse 7 months."

In the amended complaint, Plaintiff names the following additional Defendants: Gene Lanham, identified as a "Judge Retired/Lawyer"; Jessie Allen Hastie; Steven D. Lynn, an attorney; James McHenry; Barbara Weakly Jones, identified as the "Chief Medical Examiner" in Louisville, Kentucky; OPD officers B. Rose, John Kazlauskas, Michael Walker, Kent McKenzie, and Det. Arntz; Robert McHenry; David Payne; Amie Cox; and Ashley Cox.

Plaintiff states, "7 months sentence for (2) white male and female driving a car on June 10 2006 that results in a homicide. Lanham have responsibilities in this case also. To find white suprimist connection. KRS 507.020[2] applied in this case." She continues, "Never charged ruled an accident they walk. My son was dragged 104 ft. I[t] wasn't an accident according to eyewitness forensics and a few officers." Plaintiff further states as follows:

> Jesse Allen Hastie Amie Cox and Jacinta S Lanham hit my son dragging him 104 ft. After he hit him the actions he took after dragging him made it murder – he left him to die and never calls 911. Showing disregard for human life & white supremist huge miscarriage of justice KKK history matches the same charaterstics as my son's case. Public - dragging – 14 yrs of age. Wasn't supposed to got caught he does and Lanham's white suprimist Anglo Saxon KKK.

In the "Relief" section of the amended complaint, Plaintiff states "Justice and the ones who are responsible go to jail prison death. It was a very racially charge murder of a 14 yr old. KRS 507.020 reopen my son's case #06-41845."

## II.

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09. Upon review, the Court must dismiss

---

[2] Kentucky Revised Statute Section 507.020 is the criminal statute pertaining to murder in the Commonwealth of Kentucky.

a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

At the outset, the Court observes that while Plaintiff names numerous Defendants, she largely fails to allege how each individual Defendant was involved in the alleged events. While the Court is aware of its duty to construe *pro se* complaints liberally, Plaintiff is not absolved of her duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for [her] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which she complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). However, because the complaint is barred by the statute of limitations, the Court will not address this issue upon initial review.

With regard to Plaintiff's claims against the Commonwealth of Kentucky and various public officials, including the OPD officers, the state-court judge, former Governor Beshear, and the Chief Medical Examiner, the Court construes the allegations as asserting a violation of the Equal Protection Clause and/or the Due Process Clause of the Fourteenth Amendment. A claim for a violation of constitutional rights by government officials must be brought under 42 U.S.C. § 1983. *See Thomas v. Shipka*, 818 F.2d 496, 500 (6th Cir. 1987), *vacated and remanded on other grounds*, 488 U.S. 1036 (1989) ("[I]t is unnecessary and needlessly redundant to imply a

cause of action arising directly under the Constitution where Congress has already provided a statutory remedy of equal effectiveness through which the plaintiff could have vindicated her constitutional rights."). Therefore, the Court construes the claims against the Commonwealth and the named public officials as brought under § 1983.

The statute of limitations for § 1983 actions is governed by the limitations period for personal-injury cases in the state in which the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Although state law establishes the statute of limitations for § 1983 actions, federal law controls on the issue of when the statute of limitations begins to run. *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). Federal law establishes that the § 1983 statute of limitations accrues when the plaintiff knew or should have known of the injury that forms the basis of the claim alleged in the complaint. *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001). When the face of the complaint shows that an action is time-barred, the case may be dismissed summarily upon initial screening. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

Plaintiff states on the face of the complaint that her son's death occurred in 2006. Therefore, it is clear that Plaintiff knew of the alleged injury more than one year before the complaint was filed on July 12, 2019. Accordingly, the § 1983 claims are barred by the statute of limitations and must be dismissed as frivolous.

To the extent that Plaintiff sues various other individuals who are not public officials, it appears that she is alleging that the individuals caused the death of her son. The Court construes the complaint as alleging state-law claims for wrongful death against these Defendants. However, a wrongful death claim is also limited by the one-year statute of limitations found in

Ky. Rev. Stat. § 413.140(1)(a). *Conner v. George W. Whitesides Co.*, 834 S.W.2d 652, 654 (Ky. 1992). Therefore, Plaintiff's claims for the wrongful death of her son must also be dismissed as barred by the statute of limitations.

Moreover, to the extent that Plaintiff requests this Court to reopen the state-court case regarding her son's death, this federal Court has no authority to review or reopen a state-court case. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923). Therefore, this request for injunctive relief must be dismissed.

A separate Order dismissing the action will be entered consistent with this Memorandum Opinion.

Date: October 25, 2019

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.010